[831 NYS2d 334]

In the Matter of MATTHEW ALAN BLANK, an Attorney, Resignor.

Second Department, March 27, 2007

**APPEARANCES OF COUNSEL**

*Matthew Alan Blank*, West Nyack, resignor pro se.

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Matthew Alan Blank has submitted an affidavit dated October 4, 2006, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). He was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on January 26, 1993.

Mr. Blank avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of its submission. He acknowledges that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct. The Grievance Committee's preliminary investigation revealed, inter alia, violations of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Mr. Blank is aware that based upon the scope of that investigation, the Grievance Committee will likely move for authorization to institute and prosecute a disciplinary proceeding against him. He acknowledges that he would be unable to successfully defend himself on the merits against the charges which would likely be brought. Mr. Blank is further aware that, to the extent that any funds being held by him in a fiduciary capacity may be unaccounted for, the Court, in an order permitting him to resign, could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection.

Mr. Blank acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Matthew Alan Blank is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, CRANE, MASTRO and COVELLO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew Alan Blank is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Matthew Alan Blank shall promptly comply with this Court's rules governing the conduct of disbarred,

suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew Alan Blank is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Matthew Alan Blank, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).